```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT BECKLEY
```

**DANNY HUGHES,**

    **Plaintiff,**

**v.**                                   **Civil Action No. 5:04-1211**

**MICHAEL HOLLAND, et al.,**

    **Defendants.**

### MEMORANDUM OPINION

Pending before the court are cross-motions for summary judgment (Doc. Nos. 9 & 11).[1]  In an accompanying Order, for the reasons stated below, because the court finds that the Trustees of the United Mine Workers of America 1974 Pension Trust (the "Trustees") did not abuse their discretion, the court grants defendants' motion for summary judgment (Doc. No. 9) and denies plaintiff's motion for summary judgment (Doc. No. 11).

### I.  Factual Background

Danny Hughes filed this action on November 12, 2004, challenging the final decision of the Trustees.  Defendants, as Trustees, are plan administrators of the 1974 Pension Trust and plan administrators of the 1974 Pension Plan.  Hughes's cause of action arises under the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001-1461 ("ERISA"), and

---

[1] Plaintiff's motion to file out-of-time (Docket No. 11) is also before the court.  By consent of the parties, plaintiff's motion to file out-of-time is granted in the accompanying Order.

jurisdiction of this court exists pursuant to 29 U.S.C. § 1132(f).

Plaintiff began working in the coal industry in September 1974. He worked for several different companies until 1999, including Davidson Mining from July 1985 through November 1992, Blue Stone Coal in March and April 1995, Maben Energy from April 1995 to 1996, and Essential Fuels from 1996 through February 1996. (Doc. No. 10, Exh. A at 50.) In 1993, plaintiff was employed by Justin Energy, an employer that had not signed a coal wage agreement (a "non-signatory employer"). (See Doc. No. 10, Exh. A., Fritz Decl. at 2.) His employer during 1997, Essential Fuels, is also a non-signatory employer. (Id.) Plaintiff's last day of work in the industry was April 19, 1999, when he ceased employment to have surgery on his left ankle. (Id., Exh. A at 18, 50.)

Plaintiff applied for SSDI benefits on September 1, 2000. Benefits were approved on October 24, 2002, based on pulmonary fibrosis, residuals of left-ankle fusion, left knee strain, and affective disorder, effective September 1, 2000. (Id., Exh. A at 50-51.) After he obtained SSDI benefits, plaintiff filed an application for a disability pension from the 1974 Pension Trust. (Id. at 50-51.) On his application, plaintiff stated that his disability is a result of exposure to coal dust while working for Maben Energy and a left-ankle injury he sustained on September

-2-

15, 1993, while working for Justin Energy. (Id. at 51.) The Trustees denied plaintiff's application on December 27, 2002, finding that he was "not working in a classified job for a signatory employer when his disabling accident occurred." (Id. at 10.)

Plaintiff appealed the Trustees' decision and was given a hearing on his claim. During the pre-hearing conference, plaintiff argued that in addition to the ankle injury, he suffered a knee injury on January 17, 1997, while working for Essential Fuels. (Id. at 79.) He also claimed at his hearing that he suffered a third injury on April 19, 1999, while working for Pitt Fair Coal. (Id. at 9.) The Trustees considered plaintiff's testimony, and on March 31, 2004, upheld their decision to deny him benefits. (Id. at 6.) In their written notice to plaintiff, the Trustees explained that his conditions of occupational disease and hearing loss do not meet the criteria of Q & A 252 as they cannot be traceable to a definite time, place, and occasion with force or impact, and that neither his ankle injury nor his alleged knee injury occurred while working in a classified job for a signatory employer. (Id. at 9.) They also noted that plaintiff had provided them with evidence of an April 1999 accident. (Id.) This lawsuit then followed.

## II.  Standard of Review

The standard of review of a decision made by fiduciaries of an ERISA-controlled benefit plan generally is de novo.  See Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). Where the plan gives the fiduciaries discretion to determine benefit eligibility or to construe plan terms, however, the standard is whether the trustees abused their discretion.  See Booth v. Wal-Mart Stores, Inc. Assoc. Health & Welfare Plan, 201 F.3d 335, 341-42 (4th Cir. 2000).

The Fourth Circuit has adopted the abuse of discretion standard of review for decisions under the 1974 Pension Plan. See Boyd v. Trustees of the United Mine Workers Health & Retirement Funds, 873 F.2d 57, 59 (4th Cir. 1989).  In exercising their discretion under the 1974 Pension Plan, the Trustees are obligated to pay legitimate claims and to guard trust assets against improper ones.  See Sargent v. Holland, 114 F.3d 33, 35 (4th Cir. 1997).  If substantial evidence supports the Trustees' decision, then the determination must be affirmed.  Brogan v. Holland, 105 F.3d 158, 161 (4th Cir. 1997).  "Substantial evidence . . . is evidence which a reasoning mind would accept as sufficient to support a particular conclusion."  See Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).  Such evidence consists of "more than a mere scintilla of evidence but may be somewhat less than a preponderance."  Id.

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56(c).  Under the deferential standard applicable to this case, the court is limited to the evidence that was before the Trustees at the time of their decision.  See Sheppard & Enoch Pratt Hosp., Inc. v. Travelers Ins. Co., 32 F.3d 120, 125 (4th Cir. 1994).

Where the court must decide a case on the basis of an administrative record, the summary judgment motion "stands in a somewhat unusual light, in that the administrative record provides the complete factual predicate for the court's review." Krichbaum v. Kelley, 844 F. Supp. 1107, 1110 (W.D. Va. 1994), aff'd, 1995 U.S. App. LEXIS 20237, 1995 WL 449668 (4th Cir. July 31, 1995) (unpublished opinion).  Because the factual record is closed, "plaintiff's burden on summary judgment is not materially different from his ultimate burden on the merits."  Id.  "To survive summary judgment, then, plaintiff must point to facts in the administrative record – of to factual failings in the record – which can support his claims under the governing legal standard."  Id.

### III.  Analysis

The Fourth Circuit has consistently held that the 1974 Pension Plan expressly confers upon the Trustees full and final determination as to all issues concerning eligibility for

benefits. See, e.g., Hale v. Trustees of UMWA Health & Retirement Funds, 23 F.3d 899, 901 (4th Cir. 1994); Lockhart v. UMWA 1974 Pension Trust, 5 F.3d 74, 77 (4th Cir. 1993). De novo review, thus, is inappropriate, and the court must review only for abuse of discretion. See Sargent v. Holland, 114 F.3d 33, 35 (4th Cir. 1997).

To establish eligibility for disability pension benefits under the 1974 Pension Plan, a plan participant must establish that he is "totally disabled as a result of a mine accident." (Doc. No. 10, Exh. B, Art. II.C at 5.) Further,

> [a] Participant who . . . becomes totally disabled as a result of a mine accident . . . shall, upon retirement . . . be eligible for a pension while so disabled. A Participant shall be considered to be totally disabled only if by reason of such accident such Participant is subsequently determined to be eligible for Social Security Disability Insurance Benefits . . . .

(Id.)

Accordingly, a claimant seeking a disability pension under the 1974 Pension Plan must establish that (1) he was involved in a mine accident, (2) he has been award Social Security disability insurance ("SSDI") benefits, and (3) the SSDI award was based on a disability caused by the mine accident. See Gilley v. Holland, 2002 U.S. Dist. LEXIS 3256, at *5 (W.D. Va. Feb. 27, 2002). The mine accident must have "proximately caused" or be "substantially responsible" for the disability, even though it may have acted in

combination with a previous or subsequent condition. Boyd, 873 F.2d at 59-60; Robertson v. Conors, 848 F.2d 472, 475 (4th Cir. 1988).

Plaintiff argues that the record in this case demonstrates that Essential Fuels had signed a contract with the United Mine Workers of America ("UMWA"). (Doc. No. 12 at 4.) Plaintiff continues that "the record in the case demonstrates that the contract was . . . signed before [plaintiff's] injury of January 17, 1997." (Id.) Plaintiff also notes that there is no merit to defendants' contention that the claimant did not suffer an injury on April 19, 1999. (Id. at 4-5.) Further, because "the Social Security Administration and the Administrative Law Judge noted that [plaintiff] had not worked after the day of that injury and there is no evidence to the contrary in the record" the Trustee should have accepted their determination. (Id.)

Defendants' respond that the contract between the UMWA and Essential Fuels is a nonconforming agreement that does not provide for contributions to, or benefits from, the 1974 Pension Plan. (Doc. No. 10, Exh. A., Fritz Decl. at 2.) Because Essential Fuels is not a "signatory employer," the injury that plaintiff suffered during the course of his employment with them cannot constitute a mine accident under the terms of the 1974

Pension Plan and Q & A 252.[2]  (Doc. No. 13 at 2.)

Defendants' argument is correct; plaintiff clearly misapprehends the standards for eligibility under the 1974 Pension Plan.  Liability under the 1974 Pension Plan is contractual and not, as plaintiff's argument implies, an exact analogue to SSDI.  As such, plaintiff's motion for summary judgment (Docket No. 10) must be denied.

In turn, defendants' motion for summary judgment must be granted.  To be eligible for disability pension under the 1974 Pension Plan, a plan participant must establish that he is "totally disabled as the result of a mine accident."  (Doc. No. 10, Exh. B, Art II.C at 5.)  To prove a claim for benefits, plaintiff must show that his SSDI award is based on an injury he sustained in a "mine accident" as the term is defined under the 1974 Pension Plan.  According to Q & A 193 and the Plain's SPD, a "mine accident" can only occur if a participant is injured while working in a classified job for a signatory employer.  (See Doc. No. 10, Exhs. D & E.)  In Sargent, the Fourth Circuit upheld this rule, finding that it was reasonable for the Trustees to interpret the Plan to require that a mine accident occur while working for a signatory employer in order to qualify for

---

[2]  "Q & A 252" is a document, in the form of questions and answers, that spells out the Trustees' interpretation of the plan.  As such, it is entitled to deference.  See Vance v. Holland, 22 F. Supp. 2d 529, 533 (W.D. Va. 1998).

disability pension benefits.  <u>See</u> 114 F.3d at 35-37.  Q & A 193 and the Plan's SPD are consistent with the plain language of the Plan in that they "provide clear notice that the disabling mine accident must occur at the mine of a signatory employer."  <u>Id.</u> at 36.

Here, plaintiff alleges two injuries that occurred while working for non-signatory employers: a 1993 injury to his left ankle, and a 1997 injury to his knee.  (<u>See</u> Doc. No. 10, Exh. A at 8, 51.)  As such, they do not provide a basis for plaintiff receiving benefits under the Plan.

A third injury that plaintiff contended at his hearing established his eligibility for the plan – his pulmonary fibrosis – does not provide a basis because it is foreclosed from doing so by the language of Q & A 252.  (<u>See</u> Doc. No. 10, Exh. C at 2.)  It specifically states that "miners who become disabled by progressive diseases or conditions such as black lung, silicosis, tuberculosis, arthritis, rheumatism, etc. cannot be considered 'disabled as the result of a mining accident' under the test" stated in Q & A 252.  (<u>Id.</u>)  Because a mine accident must be "traceable to a definite time, place, and occasion which occurred within the course of the mineworker's employment," plaintiff's pulmonary fibrosis does not qualify him for pension benefits under the Plan.

Because plaintiff provided no evidence to the Trustees regarding his alleged April 1999 injury, it also cannot provide a basis for him to claim under the Plan.  In Fotta v. Trustees of the UMWA Health & Ret. Fund of 1974, 319 F.3d 612, 617 cert. denied, 2003 U.S. LEXIS 8023 (Nov. 3, 2003), the Third Circuit determined that it is the applicant's burden to prove his eligibility for benefits.  See also McCoy v. Holland, 364 F.3d 166, 170 (4th Cir. 2004) (stating that an applicant must prove that a mine accident proximately caused his disability).  Without plaintiff having provided them evidence of his April 1999 injury, plaintiff's claim that this injury allowed him to receive benefits must be denied.  The Trustees decision regarding this injury was reasonable and not an abuse of discretion.

## IV.  Conclusion

Based on these facts, the court cannot say that the Trustee's decision was arbitrary or not based on substantial evidence.  For the foregoing reason, by accompanying Order, defendants' motion for summary judgment will be granted and final judgment entered in their favor.

The Clerk is directed to send a copy of this Memorandum Opinion to all counsel of record.

It is SO ORDERED this 29th day of September, 2005.

ENTER:

David A. Faber
Chief Judge